■ In the Matter of the Claim of RUTH C. GOYER, Respondent, v. FRED K. BLANCHARD, INC., et al., Appellants, and LIBERTY MUTUAL INSURANCE COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal from a decision in an occupational disease claim. The claimant, a book-keeper, for a number of years operated a Kollectomatic system machine which required her to turn on a swivel chair so as to perform various turning, bending and reaching operations in sorting invoices, checking them by use of an adding machine, and then putting them in the correct "pockets" of the special Kollect-omatic desk; and in 1958 she commenced to experience pain in the back of her neck which was especially bothersome as she worked upon the machine. On

this uncontroverted testimony the board found that the condition in the neck was related to the operation of the business machine and that the claimant sustained an occupational disease. The carrier contends that there is no substantial evidence to sustain the finding of an occupational disease and, in any event, that the date of disability (July 23, 1962) was not the proper date. The only medical testimony was that of the claimant's doctor — an orthopedic surgeon and radiologist — and when he testified in May of 1964 he stated that the claimant in 1958 had complaints referable to the 2nd cervical nerve root on the right side. He further testified that "There was no clear explanation of why this occurred and after prolonged observation and watching her through periods of vacation and so on and her responses when she did not work it became clearer all the time that this was related definitely to this patient's occupation. * * * the cause of her trouble was this working in this position in her job that she did in the office that put stress particularly on this right side of her neck." There is authority for finding that such testimony is of sufficient premise to establish an occupational disease (*Matter of Mullarkey* v. *New York Hosp.*, 13 A D 2d 585, affd. 11 N Y 2d 898; *Matter of Ross* v. *Kollsman Instrument Corp.*, 24 A D 2d 670, mot. for lv. to app. den. 16 N Y 2d 485). The appellants, relying upon *Matter of Ryciak* v. *Eastern Precision Resistor* (12 N Y 2d 29), contend that the finding of July 23, 1962 as the date of disability was erroneous as the date should be at the time of physical impairment or need of medical care. The case relied upon broadened not narrowed the possible finding of a date of disablement. Prior to that decision it had been determined that the first loss of time or earnings controlled as to disablement. In *Ryciak* the court said that while that might be so, it could also be found on the basis of time of physical impairment or medical care. The finding by the board in this instance was proper. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.